LAW OFFICES OF
# Edward D. Markle
AND
## Associates

**A PROFESSIONAL LAW CORPORATION**

3506 WASHINGTON AVE, SUITE F
GULFPORT, MISSISSIPPI 39507
TELEPHONE: (228) 222-3589
(228) 265-5957
EMAIL: emarkle@msn.com

EDWARD D. MARKLE *
DIRECTOR

* Admitted in Louisiana, Mississippi,
  Texas & Colorado.
  Aerospace Engineer
  Licensed Patent Attorney

OF COUNSEL:

JON A. GEGENHEIMER
JAMES CARTER

1100 POYDRAS ST., SUITE 1475
NEW ORLEANS, LA 70163
(504) 324-4400
_____

HOUSTON, TX (504) 388-5848
DENVER, CO (504) 388-5848

May 29, 2020

Honorable Michael B. North
United States Magistrate Judge
United States District Court for the Eastern District of Louisiana
500 Poydras Street
Room B419
New Orleans, LA 70130

Re: Bauer v. Top Velocity, et al.
C/A: 18-5611
Efile-north@laed.uscourts.gov
REMOTE DEPOSITION OF DEFENDANT

Dear Judge North:

  This matter involves trademark infringement activity through the publication of various materials over and through the World Wide Web by defendant, Brent Pourciau. The infringing activity occurred from 2010 through 2018. As the Court may recall, Plaintiff, Trevor Bauer, a major league baseball pitcher, has been attempting to secure Pourciau's deposition since the beginning of this litigation. Mr. Markle and Mr. Carter represent Bauer. Mr. Devereaux represents Mr. Pourciau and his company, Top Velocity. Mr. Siegel represents defendant, Hauser Productions. Three other attorneys represent two insurers of Top Velocity and Hauser Productions.

  Mr. Pourciau's deposition has been noticed by the Plaintiff for June 3, 2020, to be held at the Jefferson Parish Courthouse. (See Exhibit 14, Tenth Re-Notice of Pourciau's Deposition). A large conference room in the courthouse has been reserved for the deposition. Video conferencing has been arranged for those that choose to attend remotely. The room can accommodate up to twenty (20) people under present social distancing policies. (Please refer to Exhibit 14). People must wear masks to enter the building but masks are not required in the conference room; however, anyone that desires to wear a mask may do so. The temperature of each individual who enters the building will be taken. No person is required to sign an indemnity agreement or complete a personal medical questionnaire in order to gain access to the building or the deposition. (See Exhibit 14).

  **Under the most recent poll, there will probably be only three (3) attorneys actually attending the deposition in person. Mr. Markle and Mr. Carter will attend for the Plaintiff. Mr. Devereaux will represent Pourciau, the deponent. Mr. Siegel has not decided whether he will attend in person or remotely by video conferencing. (Please refer to Exhibit 16 and 17). All other attorneys (three in number) have stated that they will attend remotely.**

*Mr. Markle has been tested twice for the Coronavirus. (Please refer to Exhibits 11 and 14). Both tests were negative.* **Mr. Siegel has stated that he does not have the Virus or symptoms thereof. (See Exhibits 16 and 17). Mr. Devereaux has refused to answer the question, so we don't know his condition.**

The deposition and examination of Mr. Pourciau will take the full seven (7) hours allowed by the Rules and will involve the use of over a 1,000 pages of documents addressing Pourciau's infringement activities. (Please refer to Exhibit 8). Many of these documents are not in digital format but are printouts of Pourciau's web sites. It will also involve very complex trademark issues and multifaceted discussions about specific internet use of the documents. Concentrated questioning about specific phrases and terminology will be required. As a result of the essential exchange of documents between the deponent and counsel, Pourciau's deposition is not one that easily lends itself to video conferencing. Cross examination of the main defendant will be practically impossible over a video session because of the minute detail of the documents. The Plaintiff has a right to cross-examine the main defendant in person. Safeguards have been established to protect the three or four attorneys that may attend the deposition in person. **No one has the virus or symptoms of the virus.** Social distancing will be maintained throughout the deposition. If anyone displays symptoms of the virus, the deposition will not go forward. There is no good and valid reason why the in person deposition of the main defendant should not proceed forward as noticed.

## **BACKGROUND**

After months of attempts to secure the deposition of Brent Pourciau, on April 1, 2020, Plaintiff issued his "Eighth Deposition Re-Notice of Brent Pourciau". This in person deposition was scheduled to take place on May 13, 2020 by agreement of all counsel. (Exhibit 1). At this particular point in time, no one, including Mr. Devereaux, objected to an in person deposition.

On April 28, 2020, just days before the scheduled deposition, Mr. Devereaux informed all counsel that his client's deposition would not proceed forward because of the "Stay at Home" order issued by the Governor. (Exhibit 2).

On May 1, 2020, Mr. Markle responded, essentially stating that he intended to take Pourciau's deposition as noticed unless everyone agreed to extend the deadline dates previously issued by the Court (See Exhibit 3). No one had any objections to extending the dates and the deposition was continued. (Exhibits 4, 5, 6 and 7). On May 5, 2020, Mr. Devereaux stated that his client was available for an in person deposition June 2-5. (Exhibit 6). On May 5, 2020, Mr. Markle emailed all counsel to make sure that no one had an objection to Pourciau's deposition to be set for June 3, 2020. (Exhibit 7). No one had any objections to the June 3rd deposition and an in person deposition notice was issued. (Exhibits 7, 9). In accordance with agreements of all counsel, Plaintiff filed a Motion to Extend Deadline Dates. (Exhibit 8). The Motion emphasized that Pourciau's in person deposition involved extensive documentation and that it would take about seven (7) hours to complete. The Court extended the dates. (Exhibit 8A).

On May 8, 2020, Plaintiff issued his "Ninth Deposition Re-Notice of Brent Pourciau". (Exhibit 9). At the request of Mr. Devereaux, Plaintiff set Pourciau's deposition to be held at Mr.

Siegel's office. (Exhibit 11). Mr. Devereaux's office was not equipped to accommodate the deposition. No one, including Mr. Devereaux, objected to Pourciau's in person deposition at that time.

On May 21, 2020, Mr. Siegel informed all counsel that his office established restrictions and requirements for the deposition. The mandatory requirements included the completion of a "Covid-19 Questionaire", temperature tests, signing forms about one's health and the limitation of people allowed to be in the conference room to 4. (Exhibit 10). These restrictions basically prevented the deposition from going forward because the conference room could not accommodate the witness, the attorneys, and the court reporter.

As a result of the restrictions, Mr. Markle decided to change the location of the deposition to the Jefferson Parish Courthouse. (Exhibit 11). Under the federal rules, the noticing party has the right, duty and obligation to choose the venue for the deposition. Mr. Markle attempted to accommodate Mr. Devereaux's prior request, but was unable to do so because of the restrictions imposed by Mr. Siegel's office. Mr. Markle also informed everyone at that time that he had been tested twice for the virus. Both were negative. (Exhibit 11).

On May 28th, just days before the deposition is set to begin, Mr. Siegel informed counsel that his "…office protocol changed yesterday" and that the room could accommodate a total of 6 people. (Exhibit 13). All of the prior restrictions applied. (Exhibit 12). So, basically there were very few changes to the office requirements. By this time, Mr. Markle had already made arrangements to move the deposition to the Jefferson Parish Court House. (Exhibits 11 and 14).

At 11:31 on May 28th, Mr. Devereaux, for the very first time, complained of an in person deposition of his client. (Exhibit 13). He voiced no objection to an in person deposition when he received the prior nine (9) deposition notices. Despite the fact that many of the documents are not in digital format, Mr. Devereaux asked that Markle provide him with the extensive documentation so he could have them printed for a remote/video deposition. Mr. Markle objected to this procedure because of the large number of documents involved and because everyone had agreed to an in person deposition before Pourciau's deposition was continued from May 13th. (Please refer to Exhibit 14). The Jefferson Parish conference room which could accommodate all parties was set and the video conference materials organized. At this time, Mr. Markle asked that all parties indicate if they intended to attend in person or by remote video. The three insurance attorneys stated that they would attend by video. Mr. Siegel stated that he did not know if he would attend remotely or in person. (Exhibit 16 and 17).

During the latest email exchange, Mr. Markle also asked that everyone indicate whether they had the Coronavirus. Markle said he did not. Mr. Siegel stated that he did not have the virus but Mr. Devereaux did not respond. (Exhibit 14, 15, 16 and 17).

The Plaintiff has the right to choose the venue for the main defendant's deposition as long as it is located within the proper district, which it is. There is no logical or practical reason why Pourciau's deposition cannot be held at the Jefferson Parish Courthouse. The Plaintiff also has the right to depose the main defendant in person with the understanding that proper safeguards have been taken to satisfy the social distancing policies. This case has not been stayed

by the Court. The deadline dates are still active and in place. To Plaintiff's knowledge, there are no orders issued by the District Court or the Fifth Circuit requiring that depositions be taken remotely. It appears that only three attorneys will be present for Pourciau's deposition. None are infected with the virus. Proper precautions have been taken to limit exposure in accordance with the standing guidelines. There are no valid reasons whey Pourciau's in person deposition should not proceed forward as noticed.

## BAUER DEPOSITION

The parties requested the deposition of Mr. Bauer. Plaintiff responded that Bauer was available for a video/remote deposition on June 17 or 18. (Exhibit 18). Bauer is restricted from traveling thousands of miles to attend a deposition in New Orleans. Presently, there are travel restrictions issued by the Federal government and any such travel requires a fourteen (14) day quarantine. The restrictions were discussed in detail in Mr. Markle's email of May 28, 2020. (See Exhibit 16). Mr. Markle said in that email: "As you should know, Bauer's situation is different than Pourciau's. Bauer must travel thousands of miles to come to New Orleans for a deposition. Pourciau does not. He is available for his deposition as previously stated. You seem to forget that the one in this situation that infringed on intellectual property rights is Pourciau. Not Bauer. Bauer did not publish any document that is the subject of this litigation. Pourciau published an infinite number."

So, Bauer can be made available for his deposition. He should not be ordered to travel to New Orleans when a video deposition is adequate. As stated, Bauer is not the wrongdoer here. He did not publish or author any document that is the subject of the trademark infringement action against Pourciau. There are not thousands of documents that must be reviewed with Bauer. There is no valid reason why his deposition could not proceed through a remote deposition.

I trust that my comments are helpful to the Court, but should you require additional information, please advise. **A telephone conference has been arranged by the Court for Monday, June 1, 2020 at 11:00 a.m.**

Very truly yours,

*s/Edward D. Markle*

Edward D. Markle