**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TREVOR ANDREW BAUER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5611-WBV-MBN** |
| **BRENT POURCIAU, ET AL.** | **SECTION D (5)** |

**ORDER**

Plaintiff Trevor Bauer moves for review of the Magistrate Judge's order compelling production of certain documents.[1] The Motion is opposed,[2] and Bauer has filed a Reply.[3] Because the Court finds no error, Bauer's Motion for Review of Magistrate's Judge Order is denied in its entirety.

## I. FACTUAL BACKGROUND

This dispute arises over the intellectual property of a baseball player. Plaintiff Trevor Bauer is a Major League Baseball player who is currently a pitcher for the Cincinnati Reds.[4] Bauer alleges that Defendants Brent Pourciau, Top Velocity, and Hauser Productions used Bauer's name, image, and likeness in various materials promoting their business.[5] Defendant Wilshire Insurance Company is an insurance company that was the liability insurer for Hauser Productions.[6] The Plaintiff's operative Complaint alleges ten counts against the above named Defendants as well

[1] R. Doc. 203.
[2] R. Doc. 214.
[3] R. Doc. 223.
[4] R. Doc. 136 at 3 ¶ 1.
[5] R. Doc. 136 at 6-7 ¶¶ 4-5.
[6] R. Doc. 136 at 5 ¶ 6.

as one other named insurer, including violations of the Lanham Act under ten separate theories, as well as various state law claims including violation of privacy and unjust enrichment.[7]

During discovery, Defendant Wilshire sought various categories of documents from the Plaintiff, including documents related to the value of Bauer's intellectual property rights and Bauer's actions to enforce those rights, as well as documents related to Bauer's standing to assert the causes of action raised. The parties engaged in a meet and confer, after which the Plaintiff's counsel verbally agreed to produce the documents. The Plaintiff's counsel subsequently stated he would ask Bauer to search his records for relevant information but would not himself conduct of a search of Bauer's records because he "personally would not know how to conduct such a search even if I had access to such records."[8] When the records were not produced to Wilshire's satisfaction, Wilshire filed a Motion to Compel.[9] Bauer responded to the Motion to Compel,[10] and Wilshire filed a Reply.[11] The Motion was referred to Magistrate Judge Michael North.

Magistrate Judge North held a hearing during which he made various inquiries of Bauer's counsel.[12] After the hearing the Magistrate Judge issued an order[13] in which he overruled Plaintiff's Objections to the Motion to Compel in their entirety and ordered production of the documents consistent with an ESI protocol.

---

[7] *See* R. Doc. 136 at 10-21.
[8] R. Doc. 172-3 at 5.
[9] R. Doc. 172.
[10] R. Doc. 182.
[11] R. Doc. 188.
[12] *See generally* R. Doc. 203-3.
[13] R. Doc. 193.

The Magistrate Judge expressed frustration with the Plaintiff's counsel both at the hearing and in his order, noting he felt plaintiff's counsel had taken inconsistent positions and not complied with his discovery obligations.

The Plaintiff subsequently filed a Motion for Review of the Magistrate Judge's Order. Bauer requests that the Court strike the Magistrate Judge's "unwarranted, hostile, extrajudicial, ad hominem comments."[14] The Plaintiff also makes various other objections, including that he should not be required to produce documents related to the value of Bauer's intellectual property rights as he has stipulated to only statutory damages. The Plaintiff also objects to the Magistrate Judge requiring him to comply with an ESI protocol, as counsel claims "he has made reasonable inquiry into the factual basis of the responses, requests, or objections."[15] While the Plaintiff correctly cites Federal Rule of Civil Procedure 72(a), the Court notes that the Plaintiff repeatedly refers to the Magistrate Judge's Findings and Recommendations. The Magistrate Judge's ruling was an order under Federal Rule of Civil Procedure 72(a), not a Report and Recommendation. The Court considers the Plaintiff's motion as an appeal of the Magistrate Judge's order.

Wilshire filed an Opposition,[16] noting that the Plaintiff largely takes issue with the tone rather than the substance of the Magistrate Judge's Order. Wilshire contends it is entitled to discovery of documents it requests as it may help identify the proper parties to the suit, will potentially support Wilshire's defense of unclean

---

[14] R. Doc. 203-1 at 12.
[15] R. Doc. 203-1 at 22 (emphasis removed).
[16] R. Doc. 214.

hands, and that Wilshire is entitled to discovery of the value of Bauer's intellectual property rights as impoverishment is an element of Bauer's unjust enrichment claim. Bauer filed a Reply,[17] in which he largely reasserts the arguments made in his Motion for Review and contends he has produced responsive documents and, further, that the Defendant already had many of the requested documents in its possession.

## II. LEGAL STANDARD

A magistrate judge has broad discretion in resolving non-dispositive discovery disputes.[18] When a party appeals a magistrate judge's ruling, the district court judge must review the ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to the law."[19] Under this clearly erroneous standard, a magistrate judge's ruling "should not be rejected merely because the court would have decided the matter differently."[20] Indeed, the decision must be affirmed unless "on the entire record [the Court] is left with a definite and firm conviction that a mistake has been committed."[21]

## III. ANALYSIS

The Plaintiff first objects to the Magistrate Judge's order on the grounds that he should not have to produce documents related the value of Bauer's intellectual property because he has limited his damages by stipulation. Bauer argues that the

---

[17] R. Doc. 223.
[18] *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).
[19] Fed. R. Civ. P. 72(a).
[20] *United States v. Bollinger Shipyards, Inc.*, No. 12-920, 2015 WL 13529562 (E.D. La. Apr. 13, 2015) (citing *Ordermann v. Unidentified Party*, No. 06-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008)).
[21] *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

Magistrate Judge erred by ordering such production as he found that the Plaintiff could not limit discovery by stipulating this way.

This issue appears to largely turn on Plaintiff's unjust enrichment claim. Bauer contends that the Defendants are unjustly enriched in the amount of their profits, and that because he is not seeking lost goods and/or services, but rather only statutory damages based on 15 U.S.C. § 1117, he need not produce documents related to the value of Bauer's intellectual property. The Court specifically notes that Bauer concedes that "Bauer is not seeking actual damages, loss of sales, loss of value of his intellectual property, special damages, or any other damages that may be allowed under the various causes of action"[22] and it accepts that position for the purpose of Bauer's argument. The issue, though, is that impoverishment is not related solely to the damages of an unjust enrichment claim, but rather is an essential element of the claim. The elements of an unjust enrichment claim in Louisiana are: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the resulting impoverishment, (4) an absence of "justification" or "cause" for the enrichment and impoverishment, and (5) no other remedy at law available to the Plaintiff.[23] Documents related to the Plaintiff's impoverishment are therefore relevant to an essential element of the claim, not only to damages.[24] The Magistrate Judge therefore did not err in allowing discovery related to the impoverishment.

---

[22] R. Doc. 203-1 at 7.

[23] *Huntsman Intern. LLC v. Praxair, Inc.,* 201 So. 3d 899, 911 (La. App. 4 Cir. 2016) (citing *Dugas v. Thompson*, 71 So. 3d 1059, 1067-68 (La. App. 4 Cir. 2011)).

[24] The Court also notes that the Plaintiff seems to seek to stipulate to damages from a *separate* claim as his stipulated damages for his unjust enrichment claim.

Plaintiff also objects to the Magistrate Judge's Order requiring an ESI protocol. Counsel contends that he "does not know how to do the extensive ESI searches demanded by the Magistrate" and that he has satisfied his obligation to make a "reasonable inquiry into the factual basis of the responses, requests, or objections" by relying on his client and a group of people Bauer works with (who he refers to as the "Bauer Team"). The Plaintiff's objection lacks merit. ESI protocols are common tools used in modern litigation.[25] It was not error for the Magistrate Judge to require one here to ensure that relevant documents are captured and produced in this litigation. Indeed, this is particularly true given that the Plaintiff's counsel has at times taken contrary positions,[26] or objected to discovery on frivolous grounds.[27] Nor does the Court disagree with the Magistrate Judge's order that the Plaintiff must enlist the help of a professional third-party ESI specialist if he cannot execute an ESI search protocol himself. In short, a "reasonable inquiry"[28] in this matter requires an ESI protocol either conducted by Counsel or by a professional third party ESI specialist, and the Plaintiff is required to take the necessary steps to implement and produce discoverable documents gleaned from that protocol.

---

[25]A search for "ESI protocol" demonstrates that such protocols are used in an overwhelming number of cases and for a variety of actions. *See, e.g., Ruby Slipper Café LLC v. Belou*, No. 18-1548, 2020 WL 1674157 (E.D. La. Apr. 6, 2020); *Entergy Gulf States La., L.L.C. v. La. Generating, L.L.C.*, No. 14-385, 2020 WL 2295974 (M.D. La. May 5, 2020); *Brand Servs., LLC v. Irex Corp.*, No. 15-5712, 2017 WL 67517 (E.D. La. Jan. 6, 2017).

[26] For example, the Court notes that Bauer has previously stated that Bauer did not have a contract with the MLBPA. *See* R. Doc. 182 at 18 ("**Wilshire has been informed that Bauer has no specific contract with the MLBPA**.") (bolding in original). Bauer now states that an agreement does exist and that he has now produced it. *See* R. Doc. 223 at 7-8.

[27]For example, the Plaintiff has previously objected to producing trademark registrations on the ground that he did not know what "registrations" means. *See* R. Doc. 172-4 at 18-19.

[28] Fed. R. Civ. P. 26(g).

Bauer's remaining objections to the Magistrate Judge's order similarly do not demonstrate clear or reversible error. The Court notes that Bauer takes issue with the tone of the Magistrate Judge's order, and asks the Court to strike various portions of the order. Bauer cites no authority for such a remedy. In any event, the Court does not find it appropriate here.

Wilshire also requests sanctions in the form of the reasonable expenses incurred in making its motion to compel and defending against the Plaintiff's related Motion for Review of the Magistrate Judge's Order. The Federal Rules require that the movant be awarded costs if a motion to compel is granted unless "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust."[29] Although the Magistrate Judge clearly took issue with many of the Plaintiff's responses, he declined to sanction the Plaintiff at this juncture, stating that he was more interested in getting the case back on track. The Magistrate Judge also made clear that he may very well issue sanctions against some litigant or counsel in the future, which statement was clearly not only intended for counsel for the Plaintiff. The Court does not find this decision to be clearly erroneous such that it "is left with a definite and firm conviction that a mistake has been committed."[30] Following the same logic, Court will likewise not extend sanctions to cover Wilshire's defense of the Motion for Review of the Magistrate Judge's Order.

---

[29] Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).
[30] *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

The Court notes that the Plaintiff has filed a Motion to Stay the Magistrate Judge's Order,[31] and Motion to Expedite to Consideration of that Motion to Stay.[32] This Order renders both of those motions moot, and they are therefore denied as such.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Review of the Magistrate Judge's Order[33] is **DENIED**. Plaintiff must comply with the Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay the Magistrate Judge's Order[34] and related Motion to Expedite[35] are **DENIED AS MOOT**.

New Orleans, Louisiana, September 16, 2020.

Wendy B. Vitter
**WENDY B. VITTER**
**United States District Judge**

[31] R. Doc. 224.
[32] R. Doc. 225.
[33] R. Doc. 203.
[34] R. Doc. 224.
[35] R. Doc. 225.